UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20682-Civ-Lenard/Torres

TAMBOURINE COMERCIO INTERNACIONAL,
S.A., a Portuguese corporation, and
HAWKSBAY LTD., an Isle of Man corporation,

    Plaintiffs,

v.

JAY H. SOLOWSKY, ESQ., an individual
residing in Florida, and PERTNOY,
SOLOWSKY & ALLEN, P.A., a Florida
professional association,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS' EMERGENCY MOTION TO STRIKE THE DAMAGES PORTION OF PLAINTIFFS' SECOND SUPPLEMENTAL DISCLOSURES

    This matter is before the Court on Defendants' Emergency Motion to Strike the Damages Portion of Plaintiffs' Second Supplemental Disclosures, [D.E. _ ], pursuant to an Order of Reference entered by the Honorable Joan A. Lenard, United States District Judge [D.E. 79]. Judge Lenard's Order struck the emergency designation of the pending motion, but nevertheless upon considering the motion on an expedited basis, we conclude that the matter is ripe for disposition and that no response is necessary.

    1.    Defendants seek to "strike" the damages portion of Plaintiffs' second supplemental disclosures, arguing that Plaintiffs are attempting to indirectly amend their complaint and assert new causes of action. Defendants argue that the Second Supplemental Disclosures set forth a new damage claim in this case that has never been raised before, with only a few weeks left before the June 1, 2007 discovery cutoff. This new damage theory, that Defendants are now liable to Plaintiffs for $10 million, contradicts several earlier damage disclosures in the case. Thus, Defendant argues that

there is no basis for asserting such a damage claim at this late stage of the case, and that Defendants are thereby being unfairly prejudiced. Defendants filed the pending motion on an "emergency" basis claiming that a ruling was necessary in advance of several depositions that the parties were scheduled to take in the next few weeks.

2. Although the Court does not reach a decision on the merits of the substantive issues that Defendants raise, this motion is, procedurally, quite inappropriate. Notably, none of the cases cited by Defendants in support of the motion are on point. Defendant does not cite one case where a court has "stricken" a plaintiff's damages discovery disclosures. Each of the cases cited in the emergency motion are cases resolving motions to amend the pleadings, motions for summary judgment, and motions in limine. In each of those instances, the Court has a procedural basis to rule on an argument that damages claims or theories should be rejected. There is no such basis, however, when it comes to striking a parties' discovery.

3. The reason for that is obvious. Rule 26 is designed to elicit from a party, for the benefit of other parties, all facts and theories that party intends to raise at trial. The Rule is intended to obtain that information and leave it to the other parties to raise, through other procedural vehicles, arguments that seek to eliminate or curtail those facts or theories from seeing the light of day. A motion to "strike" the disclosures is not, however, contemplated by Rule 26 or any of the other discovery rules. Otherwise, if a party's discovery disclosures could be so stricken simply because the information contained therein was not supported by the law or the record in the case, this Court would be inundated with such motions at a discovery stage, rather than at the more appropriate stages of a case – summary judgment, motions in limine, or other substantive pretrial motions.

4. Therefore, we see no reason to wait for a response in this matter. This Court cannot "strike" a party's discovery disclosures, for the same reason that it cannot "strike" a given answer in a discovery deposition even though that answer suggests a fact or theory that is not admissible at trial for whatever reason. The same holds true here. Plaintiff's second supplemental damage disclosure may be wildly out of touch with reality, but a motion to strike that disclosure is not tenable. The parties should proceed accordingly to complete whatever discovery is now contemplated prior to the discovery cutoff in the case, including whatever depositions are scheduled for the week of May 21, 2007.

Defendant's Emergency Motion to Strike the Damages Portion of Plaintiffs' Second Supplemental Disclosures [D.E. _ ] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of May 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Joan A. Lenard
All counsel of record