## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

TAMBOURINE COMERCIO
INTERNACIONAL, S.A., a
Portugese Corporation, and
HAWKSBAY LTD., an Isle of
Man Corporation,

       Plaintiffs,

vs.

JAY H. SOLOWSKY, Esq., and
PERTNOY, SOLOWSKY & ALLEN, P.A.,
a Florida professional association,

       Defendants.

_____/

Case No. 06-20682-CIV-LENARD
(GONZALEZ)
Magistrate Judge TORRES

### PLAINTIFFS' PROPOSED JURY INSTRUCTIONS
### AND PLAINTIFFS' PROPOSED VERDICT FORM

Plaintiffs Tambourine Comercio Internacional, S.A. ("Tambourine") and Hawksbay Ltd. ("Hawksbay"), pursuant to Rule 51 of the Federal Rules of Civil Procedure, Local Rule 16.1(L) of the Rules for the Southern District of Florida and this Court's January 4, 2007, Order Adopting Joint Scheduling Report, Setting Pretrial Conference and Trial, Establishing Pretrial and Trial Procedures and Establishing Pretrial Deadlines ("Pretrial Order"), submit the following proposed jury instructions and verdict form.  In accordance with the Court's instructions at Calendar Call on February 8, 2008, Plaintiffs include a CD with a copy of this document in Word format.

As a result of Defendants' failure to provide copies of their proposed Jury Instructions and Jury Verdict Form to Plaintiffs until the time of trial, Plaintiffs reserve the right to deliver to the Court and to serve upon opposing counsel additional proposed instructions and objections,

1

depending on the Defendants' Proposed Instructions and Verdict Form.   Upon receipt of

Defendants' Proposed Instructions and Verdict Form, which are due to be filed and served on

February 12, 2008, Plaintiffs will expeditiously prepare and will provide supplemental instructions

and objections to the Court within 24 to 48 hours.

Additionally, pursuant to Rule 51 of the Federal Rules of Civil Procedure, Pllaintiffs reserve

the right to provide supplemental instructions to the Court on questions of law developed by the

evidence presented during trial.  Plaintiffs further reserve the right to modify or withdraw any of the

attached proposed jury instructions and verdict form.

Respectfully submitted,

s/Teresa J. Urda
PAYTON & ASSOCIATES, LLC
One Biscayne tower
Two South Biscayne Blvd., Suite 1600
Miami, Florida 33131
Tele: (305) 372-3500, Fax:  (305) 577-4895
Teresa J. Urda, Florida Bar No. 0049433
urda@payton-law.com

BROWNSTEIN HYATT FARBER SCHRECK, P.C.
410 Seventeenth Street, Twenty-Second Floor
Denver, Colorado 80202
Tele: (303) 223-1100, Fax:  (303) 223-1111
Stanley L. Garnett, admitted pro hac vice
Annie T. Kao, admitted pro hac vice

FLEMMING ZULACK WILLIAMSON ZAUDERER
One Liberty Plaza, 35th Floor
New York, NY 10006-1404
Tele:  (212) 412-9550
Fax:  (212) 964-9200
John F. Zulack, admitted pro hac vice

2

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I hand delivered a copy of the foregoing Plaintiffs' Proposed Jury

Instructions and Proposed Jury Verdict Form by CD disc on February 12, 2008, to:  Elizabeth B.

Honkonen, Richard Critchlow, Kenny Nachwalter, P.A., 201 South Biscayne Blvd., 1100 Miami

Center, Miami, Florida 33131 (attorneys for Jay Solowsky), and David Stone, David Stone, Esq.,

Law Offices of David Stone, 1900 North Commerce Parkway, Weston, FL  33326 (attorney for

Pertnoy, Solowsky & Allen, P.A.)


<u>s/Teresa J. Urda</u>

**Plaintiffs' Proposed Preliminary Instruction**

**Preliminary Instructions Before Trial**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**.  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**.  On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

\* \* \* \* \*

**Notetaking - Permitted**.  If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left

up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

\* \* \* \* \*

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections

or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows:  In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiffs will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiffs' "case in chief."  When the Plaintiffs finish (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiffs may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiffs proceed first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiffs (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I

will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

**Authority**:   Preliminary Instructions Before Trial, Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil Cases) (2005)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

TAMBOURINE COMERCIO                        Case No. 06-20682-CIV-LENARD
INTERNACIONAL, S.A., a                     (GONZALEZ)
Portugese Corporation, and                 Magistrate Judge Torres
HAWKSBAY LTD., an Isle of
Man Corporation,

      Plaintiffs,

vs.

JAY H. SOLOWSKY, Esq., and
PERTNOY, SOLOWSKY & ALLEN, P.A.,
a Florida professional association,

      Defendants.
_____/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

      I will now explain to you the rules of law that you must follow and apply in deciding this case.

      When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

**Plaintiffs' Proposed Instruction No. 1**

**Consideration Of The Evidence -- Duty To Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

**Authority**:   Instruction 2.2, Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil Cases) (2005)

**Plaintiffs' Proposed Instruction No. 2**

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

**Authority**:    Instruction 3, Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil Cases) (2005)

11

**Plaintiffs' Proposed Instruction No. 3**

**Impeachment of Witnesses**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact, or with only an unimportant detail.

**Authority**:      Instruction 4.1, Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil Cases) (2005)

**Plaintiffs' Proposed Instruction No. 4**

**Expert Witnesses**
**When Expert Witness Fees Represent A**
**Significant Portion of The Witness' Income**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

**Authority**:      Instruction 5.2, Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil Cases) (2005)

**Plaintiffs' Proposed Instruction No. 5**

**Burden of Proof**
**When There Are Multiple Claims Or**
**When Both Plaintiff and Defendant**
**Have Burden of Proof**

In this case, except for their civil theft claim, which requires a higher standard of proof as described later in these instructions, the Plaintiffs' claims require that Plaintiffs prove every essential part of their claims by a "preponderance of the evidence." Defendants must prove their affirmative defenses by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or defense by a preponderance of the evidence you should find against the party making that claim or defense.

**Authority**:   Instruction 6.2, Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil Cases) (2005) (minor modifications as a result of higher standard for civil theft claim)

14

**Plaintiffs' Proposed Instruction No. 6**

**Election Of Foreperson**
**Explanation Of Verdict Form**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**Authority**:    Instruction 8, Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil Cases) (2005)

**Plaintiffs' Proposed Instruction No. 7**

**Civil Allen Charge**

Members of the jury, I'm going to ask that you continue your deliberations in an effort to reach agreement upon a verdict and dispose of this case; and I have a few additional thoughts or comments I would like for you to consider as you do so.

This is an important case. The trial has been expensive in terms of time, effort, money and emotional strain to both the plaintiff and the defense. If you should fail to agree on a verdict, the case is left open and may have to be tried again. A second trial would be costly to both sides, and there is no reason to believe that the case can be tried again, by either side, better or more exhaustively than it has been tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen, and there is no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

As stated in my previous instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course, you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself, but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced it is wrong. To bring your minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard to the opinions of others and with a disposition to reexamine your own views.

16

If a substantial majority of your number are for a verdict for one party, each of you who hold a different position ought to consider whether your position is a reasonable one since it makes so little impression upon the minds of so many equally honest and conscientious fellow jurors who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and consider all the evidence in the case bearing upon the questions before you in light of the court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time that you may feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given to you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.

You may now retire and continue your deliberations.

**Authority**:    Instruction 9, Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil Cases) (2005)

**Plaintiffs' Proposed Instruction No. 8**

**Multiple Parties – Numerous Claims**

In your deliberations, you are to consider four distinct claims.  Plaintiff, Hawksbay, Ltd. has brought a claim for civil theft and a claim for conversion against Defendants Jay Solowsky and the law firm of Pertnoy, Solowsky & Allen, P.A., which I will refer to from now on as the "Pertnoy law firm."   Plaintiff, Tambourine Comercio Internacional, S.A., has brought a claim for breach of fiduciary duty against Defendants Jay Solowsky and the Pertnoy law firm. Together, Plaintiffs Hawksbay and Tambourine have brought a claim for negligent supervision against the Pertnoy law firm.

Although these four claims have been tried together, each is separate from the others, and each party is entitled to have you separately consider each claim as it affects that party, and separately consider any damages to be awarded for each claim.  Before entering judgment on any verdict you reach in favor of Plaintiffs, the court will address any issues of duplication in damages. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

I will instruct you on each separate claim brought by each Plaintiff and the defenses raised by defendants Jay Solowsky and the Pertnoy law firm.

**Authority**:    Adapted from Instruction 2.4, Florida Standard Jury Instructions in Civil Cases, (Multiple claims, numerous parties, consolidated cases) (2007).

**Plaintiffs' Proposed Instruction No. 9**

**Stipulations by the Parties**

Members of the jury, Plaintiffs and Defendants have agreed to certain facts.  You must accept these facts as true.

**Authority:**   Adapted from Instruction 1.3, Deposition Testimony, Interrogatories, Stipulated Testimony, Stipulations, and Admissions, Florida Standard Jury Instructions in Civil Cases (2004)

**Plaintiffs' Proposed Instruction No. 10**

**Civil Theft**

Plaintiff Hawksbay Ltd. has brought a claim for civil theft against Jay Solowsky and the Pertnoy law firm.  In Florida, a person commits civil theft if he knowingly obtains or uses, or tries to obtain or use, the property of another with intent to deprive that other person of its right to it.  Jay Solowsky and the Pertnoy law firm are liable for civil theft, then, if Hawksbay proves by clear and convincing evidence:

| | |
|---|---|
| First: | That Jay Solowsky and/or the Pertnoy law firm obtained or used [or attempted to obtain or use] the property of Hawksbay; |
| Second: | That Jay Solowsky and/or the Pertnoy law firm did so with criminal intent; that is, with the intent to deprive Hawksbay, either temporarily or permanently, of a right to the property or a benefit from it; and |
| Third: | That Jay Solowsky's and/or the Pertnoy law firm's actions injured Hawksbay in some fashion. |

You will notice that the civil theft claim must be proved by clear and convincing evidence-- not just a preponderance of the evidence.  Clear and convincing evidence is something more than a preponderance of the evidence; it is evidence that leaves you with a firm conviction that the claim is true.

If you find for Hawksbay on the claim of civil theft, and against either Jay Solowsky and/or the Pertnoy law firm, you will then consider the issue of the amount of money damages to be awarded to Hawksbay.  You may award Hawksbay only those damages shown to be proximately

caused by Jay Solowsky's and/or the Pertnoy law firm's wrongful action.

Damages are the proximate or legal result of a wrongful act of another if you find from clear and convincing evidence that, except for the wrongful act, the damages would not have occurred. A wrongful act may be a proximate or legal cause of damages even though the wrongful act operates in combination with the act of another so long as the wrongful act contributes substantially to producing the damages.

In considering the issue of Hawksbay's damages, you should assess the amount you find to be justified by clear and convincing evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by clear and convincing evidence, and no others: Compensatory damages.

You may assess damages against either one of the defendants or both, or against more than one defendant in different amounts.

**Authority**:   Instruction 3.2.1, Eleventh Circuit Court of Appeals, Pattern Jury Instructions,
State Claims Instructions (Civil Cases) (2005) (minor modifications)

21

**Plaintiffs' Proposed Instruction No. 11**

**Conversion**

Plaintiff Hawksbay Ltd. has brought a claim for conversion against defendants Jay Solowsky and the Pertnoy law firm.  A "conversion" is an unauthorized act that deprives another of his property permanently or for an indefinite time.  In order to recover on this claim against Jay Solowsky and/or the Pertnoy law firm, Hawksbay must prove the following by a preponderance of the evidence:

First:    That Jay Solowsky and/or the Pertnoy law firm wrongfully deprived Hawksbay of a specific and identifiable amount of money.

Second:   That Jay Solowsky and/or the Pertnoy law firm's control over the money was inconsistent with the ownership interest that Jay Solowsky and/or the Pertnoy law firm had in the money.

Third:    That Hawksbay had a right to possession of the money.

Fourth:   That Hawksbay demanded a return of the money, but Jay Solowsky and/or the Pertnoy law firm did not return it.

Hawksbay is not required to prove that Jay Solowsky and/or the Pertnoy firm had knowledge or intent to deprive Hawksbay of its property.  Even if Jay Solowsky and/or the Pertnoy firm acquired possession of Hawksbay's property based upon what they contend was a rightful basis, you may find a conversion if you find that at some point in time Hawskbay demanded its property and that Jay Solowsky and/or the Pertnoy law firm refused to surrender it.

If you find for Hawksbay on this claim, you will then consider the issue of the amount of money damages to be awarded to Hawksbay.  In considering the issue of Hawksbay's damages, you

should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for Hawksbay's damages, no more and no less.  Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize the defendants.  Also, compensatory damages must not be based on speculation or guesswork because it is actual damages that are recoverable.

Hawskbay further claims that the acts of Jay Solowsky and/or the Pertnoy law firm were done with intentional misconduct or gross negligence so as to entitle Hawksbay to an award of punitive damages in addition to compensatory damages.

If you find for Hawksbay on this claim, and if you further find, by clear and convincing evidence, that Jay Solowsky and/or the Pertnoy law firm did act with intentional misconduct or gross negligence, the law allows you, in your discretion, to assess punitive damages against either one of the defendants or both, or against more than one defendant in different amounts, as punishment and as a deterrent to others.  If you find that punitive damages should be assessed against Jay Solowsky and/or the Pertnoy law firm, you may consider their financial resources in fixing the amount.

**Authority**:    *Del Monte Fresh Produce Co., Inc. v. Dole Food Co., Inc*., 136 F.Supp.2d 1271, 1294 (S.D. Fla. 2001); *United States v. Bailey*, 288 F.Supp.2d 1261, 1264 (M.D. Fla. 2003); *Foley v. Dick*, 436 So. 2d 139 (Fla. 2d DCA 1983); *Navid v. Uiterwk Corp*., 130 B. R. 594 (M.D. Fla. 1991); Section 768.72, Fla. Stat. (defining standard for award of punitive damages); Instruction 3.1 (compensatory damages and punitive damage portions), Eleventh Circuit Court of Appeals Pattern Instructions (Civil Cases) (2005); *IBP, Inc. v. Hady Enterprises, Inc*., 267 F. Supp. 2d 1148 (N.D. Fla. 2002) (one of the factors to consider when assessing punitive damages under Florida law is financial worth of the defendant); *Herrera v. C.A. Seguros Catatumbo*, 844 So. 2d 664 (Fla. 3d DCA 2003) (malice need not be alleged or demonstrated to obtain a punitive damage award).

**Plaintiffs' Proposed Instruction No. 12**

**Breach of Fiduciary Duty**

Plaintiff Tambourine Comercio Internacional, S.A., has brought a claim against defendants Jay Solowsky and the Pertnoy law firm for violating what is called a "fiduciary" duty or obligation that each defendant owed to Tambourine as a result of their prior legal representation of Tambourine in 1999 on a substantially related matter.

A "fiduciary" obligation exists whenever one person  -  -  the client - - places special trust and confidence in another person - - the fiduciary - - relying upon the fiduciary to exercise discretion or expertise in acting for the client; <u>and</u> the fiduciary knowingly accepts that trust and confidence and thereafter undertakes to act on behalf of the client by exercising the fiduciary's own discretion and expertise.

Florida law provides that an attorney owes a duty of loyalty to a former client with respect to representation in matters that are substantially related.  The Rules that regulate lawyers in Florida state, "A lawyer who has formerly represented a client in a matter shall not thereafter:  a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client give informed consent; or b) use the information relating to the representation to the disadvantage of the former client.

Thus, the duty of loyalty to former clients requires that a lawyer decline subsequent representation involving positions adverse to a former client that arise in a substantially related litigation action.

In order to recover on this claim the Plaintiff Tambourine must prove each of the following

24

by a preponderance of the evidence:

First:       That a "fiduciary" relationship existed between Tambourine and Jay

            Solowsky and/or the Pertnoy law firm (as that term has been defined

            in these instructions);

Second:      That Jay Solowsky and/or the Pertnoy law firm violated that fiduciary

            obligation by, a) representing the interests of their client, Edward M.

            Reizen, in settlement discussion on behalf of Edward M. Reizen in

            October 2003, in litigation against Reizen filed by Tambourine in

            December 2003 and through August 2005, and in the Power Trading

            litigation; and

Third:       That Tambourine suffered damages as a proximate result of Jay

            Solowsky and/or the Pertnoy law firm's violation of the fiduciary

            obligation.

For damage to be the proximate result of an act or course of dealing, it must be shown that

such act or course of dealing played a substantial part in causing or bringing about the damage, and

that, except for such conduct, the damage would not have occurred.

    If you find for Tambourine on this claim, you will then consider the issue of the amount of

money damages to be awarded to Tambourine.  In considering the issue of Tambourine's damages,

you should assess the amount you find to be justified by a preponderance of the evidence as full, just

and reasonable compensation for all of Tambourine's damages, no more and no less.  Compensatory

damages are not allowed as punishment and must not be imposed or increased to penalize the

defendants.  Also, compensatory damages must not be based on speculation or guesswork because it

is only actual damages that are recoverable.

You should consider the following elements of damage in this claim by Tambourine, to the extent you find them proved by a preponderance of the evidence, and no others:

Compensatory damages.

Tambourine further claims that the acts of Jay Solowsky and/or the Pertnoy law firm in breaching their fiduciary duty were done with intentional misconduct or gross negligence so as to entitle Tambourine to an award of punitive damages in addition to compensatory damages.

If you find for Tambourine on this claim, and if you further find, by clear and convincing evidence, that Jay Solowsky and/or the Pertnoy law firm did act with intentional misconduct or gross negligence, the law allows you, in your discretion, to assess punitive damages against either one of the defendants or both, or against more than one defendant in different amounts, as punishment and as a deterrent to others.  If you find that punitive damages should be assessed against Jay Solowsky and/or the Pertnoy law firm, you may consider their financial resources in fixing the amount of such damages.

**Authority:**   This Court's Order Granting In Part and Denying In Part Defendants' Motion to Strike Affidavit of Edward M. Reizen and Granting in Part and Denying in Part Defendants' Amended Motion for Summary Judgment entered October 29, 2007; Instruction 3.3, Eleventh Circuit Court of Appeals, Pattern Jury Instructions, State Claims Instructions (Civil Cases) (2005) (with modifications); Instruction 3.1 Eleventh Circuit Court of Appeals, Pattern Jury Instructions, State Claims Instructions (Civil Cases) (2005) (on punitive damage charge).

**Plaintiffs' Proposed Instruction No.  13**

**Joint and Several Liability**

In Hawksbay's claims for civil theft and conversion and Tambourine's claim for breach of fiduciary duty, even if you determine that Jay H. Solowsky and the Pertnoy law firm acted in concert with other individuals, who also are liable to Hawksbay and/or Tambourine on these claims, you should determine Hawksbay's and Tambourine's damages in a single total amount for each claim by each Plaintiff, and write that amount, in dollars, on the verdict form.

Florida law does not allow you to apportion damages between Jay H. Solowsky and/or the Pertnoy law firm and any other individual(s) who are not parties to this action on the claims for civil theft, conversion and breach of fiduciary duty.

**Authority:**   Adapted from Fla. Stat. 768.81; Instruction 6.11, Florida Standard Jury Instructions in Civil Cases, 6.11 (Joint Liability of Joint Tortfeasors) (2004); *Nguyen, MD P.A. Estate of Carlisle*, 2007 WL 1560149 (N.D. Fla. May 23, 2007) (when intentional tortfeasors, acting in concert or through independent acts, produce a single injury, they are **jointly** and severally liable and apportionment of damage is not appropriate).

27

**Plaintiffs' Proposed Instruction No.  14**

**Negligent Supervision**

Plaintiffs Tambourine Comercio Internacional, S.A. and Hawksbay Ltd. have brought a claim for negligent supervision against the Pertnoy law firm.  Specifically, the Plaintiffs allege that the Pertnoy law firm owed them a duty of care and that the Pertnoy law firm breached that duty by negligently supervising one of its lawyers, defendant Jay Solowsky, resulting in harm to Plaintiffs.

In Florida, negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicate his unfitness, and the employer fails to take further actions such as investigation, discharge or reassignment.

In order to prevail on this claim the Plaintiffs must prove the following by a preponderance of the evidence:

> First:      That the Pertnoy law firm was "negligent;"
>             and
>
> Second:     That such negligence was a "legal
>             cause" of damage sustained by the
>             Plaintiff.

"Negligence" is the failure to use reasonable care.  Reasonable care is that degree of care that a reasonably careful person would use under like circumstances.  Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If a preponderance of the evidence does not support the Plaintiffs' claim, then your verdict should be for the Pertnoy law firm. If, however, a preponderance of the evidence does support the Plaintiff's claim, you will then consider the defense raised by the Defendant.

The Pertnoy law firm contends that the Plaintiffs were also negligent and that such negligence was a legal cause of the Plaintiffs' injury. This is an affirmative defense and the burden of proving that defense, by a preponderance of the evidence, is upon the Pertnoy law firm which must establish:

| | | |
|---|---|---|
| First: | That the Plaintiffs were also negligent;" and | |
| Second: | That such negligence was a "legal cause" of the Plaintiffs' own damage. | |

Finding in favor of the Pertnoy law firm on this defense will not prevent recovery by the Plaintiffs, it will only reduce the amount of the Plaintiffs' recovery. In other words, if you find that any damages to the Plaintiffs were due partly to the fault of the Plaintiffs - - that the Plaintiffs' own negligence was, for example, 50% responsible for the Plaintiffs' own damage - - then you would fill in that percentage as your finding on the verdict form that I will explain in a moment. Such a finding would not prevent the Plaintiffs from recovering; the Court will merely reduce the Plaintiffs'

29

total damages by the percentage that you insert.  Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all.  If you find that the Plaintiffs were negligent, you might find 1% or 99%.

If the evidence proves negligence on the part of the Pertnoy law firm that was a legal cause of damage to the Plaintiffs, you should award the Plaintiffs an amount of money that will fairly and adequately compensate the Plaintiffs for such damage.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Pertnoy law firm. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiffs for their damages.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:  Compensatory damages.

Hawskbay and Tambourine further claim that the acts of Jay Solowsky were done with intentional misconduct or gross negligence so as to entitle Plaintiffs to an award of punitive damages

in addition to compensatory damages.

If you find for Hawksbay and Tambourine on this claim, and if you further find, by clear and convincing evidence, that Jay Solowsky did act with intentional misconduct or gross negligence, the law allows you, in your discretion, to assess punitive damages against the Pertnoy law firm, as a punishment and as a deterrent to others.  If you find that punitive damages should be assessed against the Pertnoy law firm, you may consider its financial resources in fixing the amount of such damages.

**Authority:**     *Dept. Of Environmental protection v. Hardy*, 907 So. 2d 655; *Latson v. Hartford Ins.*, 2006 WL 485097 (M.D. Fla. 2006) *citing Restatement (Second) of Torts*, Section 317; *Malicki v. Doe*, 814 So. 2d 347 (Fla. 2002); Instruction 1.1, Eleventh Circuit Court of Appeals, Pattern Jury Instructions, State Claims Instructions (Civil Cases) (2005) (with modifications); *Kent Ins. Co. v. Schroeder*, 469 So. 2d 209 (Fla. 5th DCA 1985); *Dean Witter Reynolds, Inc. v. Hammock*, 489 So. 2d 761 (Fla. 1st DCA 1986)

**Plaintiffs' Proposed Instruction No.  15**

**Punitive Damages**

If you find for Hawksbay and against Jay H. Solowsky and/or the Pertnoy law firm on the claims of civil theft and conversion; for Tambourine and against Jay H. Solowsky and/or the Pertnoy law firm on the claim of breach of fiduciary duty and for Hawksbay and Tambourine and against the Pertnoy law firm on the claim of negligent supervision, in addition to compensatory damages, as I previously instructed you, you should consider whether punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.

Punitive damages are warranted if you find by clear and convincing evidence that Jay H. Solowsky and/or the Pertnoy law firm were guilty of intentional misconduct or gross negligence.

"Intentional misconduct" means that defendants had actual knowledge of the wrongfulness of the conduct and the high probability that damage to Plaintiffs would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in damage.  "Gross negligence" means that the conduct of the defendants was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of persons exposed to such conduct.

I previously instructed you on the meaning of "preponderance of the evidence." "Preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true. "Clear and convincing" evidence is amount of evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

**Authority:**   Adapted from Florida Standard Jury Instructions in Civil Cases, Punitive Damages Instructions (non bi-furcated proceeding for claims arising on or after October 1, 1999) (2004); *Herrera v. C.A. Seguros Catatumbo*, 844 So. 2d 664 (Fla. 3d DCA 2003) (malice need not be alleged or demonstrated to obtain a punitive damage award).

**Plaintiffs' Proposed Instruction No. 16**

**<u>Imputed Knowledge</u>**

The knowledge of an agent is the same as the knowledge of a principal, if the agent acquires the knowledge while acting within the scope of his authority or employment.  Also, notice to an agent is the same as notice to the principal, if the agent receives the notice while acting within the scope of his authority or employment.

**Authority**:     *Lanchile Airlines v. Conn. Gen. Life Ins. Co.,* 759 F. Supp. 811, 814 (S.D. Fla. 1991)("whatever knowledge an agent acquires within scope of his authority is imputed to his principal"); *Davies v. Owens-Ill., Inc.,* 632 So.2d 1065, 1066 (Fla. 3d DCA 1994)("Whatever knowledge an agent acquires within scope of his authority is imputed to his or her principal"); *Anderson v. Walthal*, 468 So.2d 291, 294 (Fla. 1st DCA 1985)("knowledge of, or notice to, an agent is imputed to the principal when it is received by the agent while acting within the course and scope of his employment, and when it is in reference to matters over which the agent's authority extends").

**Plaintiffs' Proposed Jury Verdict Form**


JURY VERDICT FORM

**WE, THE JURY, FIND AS FOLLOWS:**


1.   On Hawksbay's claim for civil theft against Jay Solowsky, do you find by clear and convincing evidence that Jay Solowsky committed a civil theft of property belonging to Hawksbay?

YES _____           NO_____

**[If you answered yes to question 1, proceed to question 2.  If you answered no to question 1, skip this section and proceed to question 3.]**

2.   What amount of compensatory damages do you find that Hawksbay is entitled to?

Compensatory Damages _____

3.   On Hawksbay's claim for civil theft against the law firm of Pertnoy, Solowsky & Allen, P.A., do you find by clear and convincing evidence that the law firm of Pertnoy, Solowsky & Allen, P.A. committed a civil theft of property belonging to Hawksbay?

YES _____           NO_____

**[If you answered yes to question 3, proceed to question 4.  If you answered no to question 3, skip this section and proceed to question 5.]**

4.   What amount of compensatory damages do you find that Hawksbay is entitled to?

Compensatory Damages _____

5.   On Hawksbay's claim for conversion against Jay Solowsky, do you find by a preponderance of the evidence that Jay Solowsky converted property belonging to Hawksbay?

YES _____           NO_____

**[If you answered yes to question 5, proceed to question 6.  If you answered no to question 5, skip this section and proceed to question 9.]**

6.      What amount of compensatory damages do you find that Hawksbay is entitled to

                    Compensatory Damages_____

7.      Do you find by clear and convincing evidence that Jay Solowsky acted with intentional misconduct or gross negligence*?*

                    YES _____                NO_____

8.      If you answered yes to question 7, what amount of punitive damages do you find Hawksbay is entitled to?

                    Punitive Damages_____

9.      On Hawksbay's claim for conversion against the law firm of Pertnoy, Solowsky & Allen, P.A., do you find by a preponderance of the evidence that the law firm of Pertnoy, Solowsky & Allen, P.A. converted property belonging to Hawksbay?

                    YES _____                NO_____

        **[If you answered yes to question 9, proceed to question 10.  If you answered no to question 9, skip this section and proceed to question 13.]**

10.      What amount of compensatory damages do you find that Hawksbay is entitled to?

                    Compensatory Damages_____

11.      Do you find by clear and convincing evidence that the law firm of Pertnoy, Solowsky & Allen, P.A., acted with intentional misconduct or gross negligence*?*

                    YES _____                NO_____

12.      If you answered yes to question 11, what amount of punitive damages do you find Hawksbay is entitled to?

                    Punitive Damages_____

13.    On Tambourine's claim for breach of fiduciary duty against Jay Solowsky, do you find by a preponderance of the evidence that Jay Solowsky committed a breach of fiduciary duty to Tambourine?

                YES _____                NO_____

**[If you answered yes to question 13, proceed to question 14.  If you answered no to question 13, skip this section and proceed to question 17.]**

14.    What amount of compensatory damages do you find that Hawksbay is entitled to for Jay Solowsky's breach of fiduciary duty?

                Compensatory Damages   _____

15.    Do you find by clear and convincing evidence that Jay Solowsky acted with intentional misconduct or gross negligence*?*

                YES _____             NO_____

16.    If you answered yes to question 15, what amount of punitive damages do you find Hawksbay is entitled to?

                Punitive Damages_____

17.    On Tambourine's claim for breach of fiduciary duty against the law firm of Pertnoy, Solowsky & Allen, P.A., do you find by a preponderance of the evidence that the law firm of Pertnoy, Solowsky & Allen, P.A. committed a breach of fiduciary duty to Tambourine?

                YES_____               NO_____

**[If you answered yes to question 17, proceed to question 18.  If you answered no to question 17, skip this section and proceed to question 20.]**

18.    Do you find by clear and convincing evidence that the law firm of Pertnoy, Solowsky & Allen, P.A. acted with intentional misconduct or gross negligence*?*

                YES _____             NO_____

19.    If you answered yes to question 18, what amount of punitive damages do you find by a greater weight of the evidence that Tambourine is entitled to?

                Punitive Damages_____

20.   On Hawksbay's and Tambourine's claim for negligent supervision against the law firm of Pertnoy, Solowsky & Allen, P.A., do you find by a preponderance of the evidence that the law firm of Pertnoy, Solowsky & Allen, P.A. was negligent in the manner claimed by Hawksbay and Tambourine and that such negligence was a legal cause of damage to Hawksbay and/or Tambourine?

YES_____            NO_____

**[If you answered yes to question 20, proceed to question 21.  If you answered no to question 20, skip this section and proceed to the end of this Verdict Form.]**

21.   Do you find that Hawksbay and/or Tambourine also were negligent in the manner claimed by Pertnoy, Solowsky & Allen, P.A.?

YES_____            NO_____

22.   If you answered Yes to question 21, what proportion or percentage of Hawksbay's and/or Tambourine's damage in its claim of negligent supervision do you find from a preponderance of the evidence to have been legally caused by the negligence of the parties or third parties?

Answer in terms of percentages;

Hawksbay _____

Tambourine_____

Pertnoy, Solowsky & Allen, P.A. _____

Edward Reizen_____

Grazia Antonella Bocciolone_____

David Brenman_____

(The total of the percentages given should equal 100%)

23.   If you answered Yes to question 21, what amount of compensatory damages do you find from a preponderance of the evidence to be the total amount of Hawksbay's and/or Tambourine's damages (without adjustment by application of any percentages you may have given in answer to question 22).

Compensatory damages _____

38

24.     Do you find by clear and convincing evidence that in Hawksbay's and Tambourines' claim of negligent supervision, the law firm of Pertnoy, Solowsky & Allen, P.A. acted with intentional misconduct or gross negligence?

                        YES _____                NO_____

25.     If you answered yes to question 24, what amount of punitive damages do you find by a greater weight of the evidence that Tambourine is entitled to?

                        Punitive Damages_____

**SO SAY WE ALL.**

                        _____
                        **FOREPERSON**

Dated: _____