UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| TAMBOURINE COMERCIO INTERNACIONAL S.A., a Portuguese corporation; and HAWKSBAY LTD., an Isle of Man corporation, <br>         Plaintiffs, <br><br>vs. <br><br>JAY H. SOLOWSKY, ESQ., an individual residing in Florida; and PERTNOY, SOLOWSKY & ALLEN, P.A., a Florida professional association, <br>         Defendants. | Case No. 06-20682-CIV-LENARD-(Gonzalez) <br> Magistrate Judge Torres |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY
OF DEFENDANTS' EXPERT WITNESS, LAWRENCE J. FOX**

Plaintiff, Hawksbay Ltd. ("Hawksbay"), by and through its attorneys, and based upon the Court's dismissal of Count III (breach of fiduciary duty) of Plaintiffs' First Amended Complaint,[1] hereby files its Motion in Limine to Exclude the testimony of Lawrence J. Fox ("Fox"), as an expert witness for Defendants Jay H. Solowsky ("Solowsky") and Pertnoy, Solowsky & Allen, P.A. (the "Pertnoy firm") (collectively the "Solowsky defendants"). In support thereof, Plaintiff states as follows:

**PRELIMINARY STATEMENT**

On February 15, 2008, this Court dismissed Plaintiff Tambourine's claim for breach of fiduciary duty against the Solowsky defendants. Nevertheless, Defendants informed the Court

---

[1] Pursuant to Fed. R. Civ. P. 50, this Court dismissed Tambourine as a party to this action when it struck Counts III (breach of fiduciary duty) and IV (negligent supervision premised upon breach of fiduciary duty). Hawksbay is the only remaining Plaintiff and its claims against the Solowsky Defendants are for civil theft, conversion and negligent supervision premised upon civil theft and/or conversion.

and Hawksbay that they intend to call Fox as an expert witness to testify about the Florida Bar Rules of Professional Conduct.

The Florida Bar Rules of Professional Conduct are not implicated in any of the remaining claims in this case. Hawksbay anticipates, however, that the Solowsky defendants will attempt to negate the "intent" and "knowledge" elements of its civil theft claim through testimony from Fox that the Solowsky Defendants complied with various Rules of Professional Conduct.

As an initial matter, this Court should exclude Fox as a witness in this action pursuant to Fed. R. Evid. 702 because his testimony will not assist the jury in determining the facts at issue in this case. Additionally, Rule 705 allows Plaintiff to probe fully all facts underlying an expert's decision, but the Solowsky Defendants' late-filed motions and objections during trial have rendered that impossible.

Moreover, The Solowsky Defendants have failed to cite to any authority that allows the Rules of Professional Conduct to serve as affirmative defenses to intentional tort claims. The Solowsky Defendants' effort to use expert testimony to advance their "Rules" defense is a red herring. Hawksbay's claims for civil theft, conversion and negligent supervision are not based on allegations that the Solowsky defendants had a duty to disclose that Hawksbay's money was transferred to and residing in their trust account. Hawskbay maintains that there was no duty on the part of the Solowsky Defendants to inform it that its money was transferred into the trust account. However, Solowsky's actions and comments reflect that he *voluntarily* made statements that revealed his intent and knowledge in respect of Hawksbay's intentional tort claims. For example, within several days after receiving Hawksbay's money in his trust account, Solowsky called Hawksbay's counsel in New York to discuss the "return" of the money to its "rightful owner." When asked if he knew the location of the funds, Solowsky falsely stated that

2

he did not know the location of the funds. Solowsky further sought to give Hawksbay the false impression that the money was located elsewhere, perhaps in Switzerland, in order to obtain a cessation of Hawsbay's efforts to locate the funds.

Alternatively, Fox's testimony should be excluded pursuant to Fed. R. Evid. 403 because the "probative" value of his testimony is substantially outweighed by the danger of unfair prejudice, his testimony would confuse the issues and mislead the jury and would waste judicial resources and time.

## ARGUMENT

### I.   Fox's Testimony is Inadmissible Under Fed. R. Evid. 702

Rule 702 of the Federal Rules of Evidence provides that an expert witness may testify in the form of an opinion or otherwise, if 1) the testimony is based upon sufficient facts or data; 2) the testimony is the product of reliable principles and methods; and 3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *see also Williams v. Consolidated City of Jacksonville*, 2006 WL 305916 *5 (M.D. Fla. 2006). "The burden of laying a proper foundation for the admissibility of an expert's testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." *Marco Island Cable, Inc. v. Comcast Cablevision of the South, In*c., 2006 WL 1722342 *1 (M.D. Fla. 2006). Moreover, on cross examination, the expert is required to disclose the "underlying facts or data" on which he relies. *See* Rule Fed. R. Evid. 705.

Fox's opinions in this case are based upon facts that this Court has removed as evidence to be presented to the jury. Fox relied on three central facts: a) the disqualification Order entered by Judge Lenard in the related case styled *Kobarid, et al. vs. Reizen* ("Reizen case"*);* b) the jury verdict in the Reizen case; and 3) the Final Judgment entered in the Reizen case. The jury will know nothing about these facts. The law does not allow the Solowsky defendants to have it both

ways; they cannot exclude these facts from the jury, but present expert testimony that relies extensively on them since the Plaintiff has a right pursuant to Fed. R. Evid. 705 to inquire into all facts and bases for the expert's opinion.  In seeking and obtaining the exclusion of this evidence, the Solowsky Defendants rendered Fox's testimony deficient, i.e., premised upon facts that will not assist the jury in deciding the issues in this case.

Moreover, Hawksbay does not rely on any Rules of Professional Conduct to support its claims.  And even if it did, the Solowsky Defendants have not cited to any authority to support their expert's opinion that the Rules of Professional Conduct are affirmative defenses to negate intent and knowledge in intentional tort claims.  Fox's testimony as an expert witness is likewise unreliable and not helpful to the jury on this basis, and should be excluded under Rule 702.[3]  *See* Restatement (Third) Law Governing Lawyers Section 56, cmt. e (2007) ("lawyer is liable for conversion and trespass to chattels on the same basis as a nonlawyer"); *Miller v. Rau*, 216 Cal.App.2d 68  (Cal. App. 1963)(where attorney held funds of non-client and was put on notice that funds belonged to non-client, attorney was liable for conversion for any subsequent disbursements); *Moss v. Zafaris*, 524 So.2d  1010 (Fla. 1988); *see also Riggs Nat. Bank of Washington D.C. v. Freeman*, 682 F.Supp. 519 (S.D. Fla. 1988)(Judge Hoeveler held that a tort claim can be brought against a lawyer by a non-client since the lawyer is on "equal footing as every other person in terms of liability for their tortious acts.").

---

[3] An attempt to negate "intent" and "knowledge" through expert testimony is in violation of Fed. R. Evid. 704(b), which provides, "No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone."

The Rules of Professional Conduct are designed to elevate the profession to a higher standard. *See The Florida Bar v. Valentine-Miller*, 2008 WL 90020 (Fla. 2008) (lawyers are required to have high ethical standards because members of the public are asked to trust lawyers in their greatest hours of need; without such standards, the entire legal profession would be in jeopardy as public trust would dissipate). In relying on these Rules as affirmative defenses--by way of expert testimony--the Solowsky Defendants seek to turn the Rules on their head in asserting that the Rules allow them to commit intentional torts with impunity.

## II.     Fox's Testimony Should Be Excluded Under Rule 403.

Fox's expert testimony also should be excluded under Rule 403 because any purported "probative" value is substantially outweighed by the danger of unfair prejudice, waste of time, and jury confusion. The "Court's obligation under Fed.R.Evid. 403 to exclude evidence that is prejudicial, or that will confuse or mislead the jury, cuts across all categories of evidence, including expert evidence." *Williams v. Consolidated City of Jacksonville*, 2006 WL 305916 (M.D. Fla. 2006). The Court "must consider the information's probative value in assisting the jury to weigh the expert's opinion on the one hand, and the risk of prejudice resulting from the jury's potential misuse of the information for substantive purposes on the other." *Id*. at *8 *citing* Advisory Committee Notes Fed. R. Evid. 703.  Additionally, "testimony that purports to offer legal opinions is properly excluded . . . . as a general rule an expert's testimony on issues of law is inadmissible." *Dubiel v. Columbia Hosp. Ltd. Partnership*, 2005 WL 5955691 *4 (S.D. Fla. 2005, J. Middlebrooks) (citations omitted). Courts have "draw[n] a clear line between permissible testimony on issues of fact and testimony that articulates the ultimate principles of law governing the deliberations of the jury . . . [the courts] have decried the latter kind of

5

testimony as directing a verdict, rather than assisting the jury's understanding and weighing of the evidence." *Id*.

As noted above, Fox's testimony regarding the Rules of Professional Conduct is irrelevant to Hawksbay's remaining claims because these claims do not implicate any of the Rules. Moreover, the Solowsky Defendants have not cited to any authority that allows the Rules to be used as affirmative defenses, and Fox's expert testimony will impermissibly offer legal opinions on matters that are neither proper nor relevant to the jury's fact-finding. *See* Fed. R. Evid. 704.

There is a substantial likelihood that Fox's testimony will be prejudicial to Hawksbay, will be a waste of time, and will lead to significant jury confusion. In fact, that testimony will impermissibly usurp the fact-finding that this jury must engage in during its deliberations. Due to the significant danger of confusion and prejudice that would result from Fox's expert testimony, the Court should bar the Solowsky Defendants from offering Fox as a witness at trial pursuant to Rule 403.

## **CERTIFICATE OF CONSULTATION**

Pursuant to S.D. Fla. L.R. 7.1.A.3, counsel for Plaintiff certify that they conferred with counsel for the Solowsky Defendants in a good faith effort to resolve the issues raised in this Motion in Limine, but the parties were unable to reach a resolution.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine to exclude Fox as an expert witness for the Solowsky Defendants.

Respectfully submitted,

s/Teresa J. Urda
Teresa J. Urda, Florida Bar No. 0049433
PAYTON & ASSOCIATES, LLC
One Biscayne Tower, Suite 1600
2 South Biscayne Boulevard
Miami, Florida 33131
Tele: (305) 372-3500
Fax:  (305) 577-4895

AND

Stanley L. Garnett, *admitted pro hac vice*
Annie T. Kao, *admitted pro hac vice*
BROWNSTEIN HYATT FARBER & SCHRECK, P.C.
410 Seventeenth Street
Twenty-Second Floor
Denver, Colorado 80202
Tele: (303) 223-1100
Fax: (303) 223-1111

John F. Zulack, admitted *pro hac vice*
FLEMMING ZULACK WILLIAMSON ZAUDERER
One Liberty Plaza, 35th Floor
New York, NY 10006-1404
Tele: 212.412.9550
Fax: 212.964.9200

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 18, 2008, I electronically filed the foregoing **PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE LAWRENCE FOX AS A WITNESS** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Richard Critchlow, Esq., Elizabeth B. Honkonen, Kenny Nachwalter, P.A. 201 South Biscayne Boulevard, 1100 Miami Center, Miami, Florida 33131; David Stone, David Stone, P.A., Global Commerce Center, 1900 N. Commerce Parkway, Weston, Florida 33326; Elliot Sherker, Greenberg Traurig, 1221 Brickell Avenue, Miami, Florida 33131..

s/Teresa  J. Urda